UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Criminal Case No. 2:17-cr-20640-14 |
|---|---|
| Plaintiff/Respondent, | Civil Case No. 2:19-cv-13471 |
| v. | HONORABLE STEPHEN J. MURPHY, III |
| DARRYL GRIZZARD, | |
| Defendant/Petitioner. | |

**OPINION AND ORDER**
**DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [574]**

Defendant Darryl Grizzard pleaded guilty to participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d) and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D). ECF 311. The Court then sentenced Defendant to sixty-three months' imprisonment. ECF 351, PgID 2121.

Defendant timely petitioned for a writ of habeas corpus under 28 U.S.C. § 2255. ECF 574. The Government responded to the petition. ECF 587. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny the motion.

**BACKGROUND**

Defendant challenged his sentence under 28 U.S.C. § 2255 on two grounds. Defendant first asserted his counsel was ineffective because Defendant did not understand that he was pleading guilty to possession of a firearm: he had told his counsel he did not possess a firearm. ECF 574, PgID 6856. And second, Defendant

1

claimed the two-point firearm enhancement violated his due process rights because he did not know the terms of his guilty plea included the two-point enhancement. *Id.* at 6857. For those reasons, Defendant argued he entered his guilty plea involuntarily and unknowingly. *Id.*

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will deny each claim in turn. After, the Court will deny a certificate of appealability and in forma pauperis status on appeal.

I. <u>Ineffective Assistance of Counsel</u>

To succeed on an ineffective assistance of counsel claim, Defendant must show: (1) that his counsel's representation "fell below an objective standard of

2

reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Defendant's *Strickland* argument is essentially that his counsel did not properly advise him of the firearm enhancement in his guilty plea. ECF 574, PgID 6856. The Court will deny the claim because Defendant cannot show prejudice under *Strickland*'s second prong. 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). "In the guilty plea context, prejudice means that, 'but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Moore v. United States*, 676 F. App'x 383, 385 (6th Cir. 2017) (alterations in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Yet Defendant never explained whether he would have abandoned the guilty plea and insisted on trial, if he had known about the firearm enhancement. *See* ECF 574, PgID 6856.

Defendant's circumstances far from establish prejudice under the second prong. For example, the Sixth Circuit has held that an individual could not establish prejudice even though the defendant explained "he might not have pled guilty" had he known that "he was potentially facing life imprisonment." *Moore*, 676 F. App'x at 385. With that in mind, a defendant in the Sixth Circuit cannot show prejudice "merely by telling the court now that he would have gone to trial then if he had gotten different advice." *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (cleaned up).

3

In the end, "[t]he test is objective, not subjective," and Defendant has shown no evidence that he would not have pleaded guilty had he known about the firearm enhancement. *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). The Court will therefore deny the ineffective assistance of counsel claim.

II.   <u>Due Process Violation</u>

For the due process violation, Defendant claimed his plea was involuntary because he did not know that he was agreeing to plead guilty to the two-point firearm enhancement. ECF 574, PgID 6857. But the claim is procedurally defaulted.

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review *only if* first challenged on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (emphasis added). But Defendant did not directly appeal his sentence.

"To overcome procedural default, [Defendant] must show cause and prejudice, or actual innocence." *Swain v. United States*, 155 F. App'x 827, 830 (6th Cir. 2005) (citing *Bousley*, 523 U.S. at 622–63). But Defendant has shown neither. As explained above, Defendant has not shown that he would not have pleaded guilty had he known about the firearm enhancement. As a result, Defendant has not shown prejudice.

And last, Defendant has offered no evidence that he is actually innocent. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (cleaned up). Defendant offered no evidence that he

did not actually or constructively possess a firearm. *See* ECF 574, PgID 6857. As the Government pointed out, evidence showed Defendant had actual and constructive possession of the firearm that led to the two-point enhancement. ECF 587, PgID 6943–44. The Court will therefore deny Defendant's due process claim and dismiss the § 2255 petition.

III. <u>Certificate of Appealability and Proceeding In Forma Pauperis on Appeal</u>

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [574] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** Civil Case No. 2:19-cv-13471.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 25, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 25, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager